IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Robert O'Donnell, et al., ) | Case No. 1:25-CV-00875-DCN |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| The Hanover Insurance Group, et al, ) | **ORDER** |
| ) | |
| Defendants. ) | |

This matter is before the Court on Robert and Morgan O'Donnell's ("Plaintiffs") *Motion for Remand* filed on May 28, 2025. (ECF #8, *Plaintiffs' Motion for Remand*). Defendants Hanover Insurance Group ("Hanover") and Citizens Insurance Company of America ("Citizens") (collectively "Defendants") opposed the motion on June 25, 2025. (ECF #14, *Defendants' Brief in Opposition to Plaintiffs' Motion for Remand*). Plaintiffs filed their reply on July 3, 2025. (ECF #15, *Plaintiffs' Reply in Support of Motion for Remand*). For the reasons that follow, Plaintiffs' *Motion for Remand* (ECF # 8) is GRANTED, and the matter is REMANDED to the Geauga County Court of Common Pleas.

**Procedural Background**

This is a breach of contract case brought by Plaintiffs against their insurer, Hanover, regarding a dispute over an insurance payout for property damaged by fire. On March 27, 2023, Plaintiffs filed suit against Hanover in the Geauga County, Ohio Court of Common Pleas

alleging breach of contract (count 1) and breach of the covenant of good faith and fair dealing (count 2). (ECF #8-1, *Plaintiffs' Complaint*, p.1, 11 [PageID 159, 169]). On April 11, 2024, Plaintiffs voluntarily dismissed the case under Ohio Rule of Civil Procedure 41(a). *Notice of Voluntary Dismissal*, No. 23M000188, *O'Donnell, et. al v. Hanover, et. al.* (Ohio C.P. Mar. 27, 2023). Plaintiffs refiled their case in state court on April 7, 2025. (ECF #1-2, *Refile Complaint*, p.1 [PageID 15]). Defendants removed the case to federal court on May 1, 2025, and Plaintiffs now move to remand the case back to state court. (ECF #1, *Notice of Removal*); (ECF # 8, *Plaintiffs' Motion for Remand*).

## Factual Background

Plaintiffs own property in Chagrin Falls, Ohio, affixed with a single-family home. (ECF #1-2, *Refile Complaint*, p.2 ¶ 2 [PageID 16]). Regrettably, the home caught fire and suffered substantial damage on June 24, 2022. (*Id.*). At the time of the fire, the home was insured by a Hanover homeowner's insurance policy administered through its subsidiary, Citizen. (*Id.* at p.2 ¶¶ 2–4 [PageID 16]). The policy contained an "add-on," referred to as "Guaranteed Replacement Cost Plus" (GRCP), that provided enhanced coverage in the event of a "total loss." (ECF #1-2, *Homeowners Policy Renewal Declaration*, p.3); (ECF #1-2, *Refile Complaint*, p.4 ¶ 11–14 [PageID 18]). Under the add-on, in the event of a total loss, Hanover would pay the actual cost to rebuild the home, even if doing so exceeded the policy's limit of $868,000. (ECF #1-2, *Refile Complaint*, p.4 ¶ 11–14 [PageID 18]).

Plaintiffs contend that the fire rendered their home a total loss, and Hanover disagrees. (*Id.* at p.5 ¶ 20 [PageID 19]); (ECF #13, *Answer and Counterclaim*, p.4 ¶ 20). Under the policy, in October of 2022, Hanover paid Plaintiffs $652,073.89 to repair the property. (ECF #1-2, *Hanover Email*, p.1 [PageID 58]). Hanover arrived at this figure after conducting several

investigations and inspections, which Plaintiffs believe are biased against them as policyholders. (*Id.*); (ECF #1-2, *Refile Complaint*, p.5 ¶ 21 [PageID 19]).

Following damage to property, Hanover allegedly handpicks engineers, consultants, and vendors from a pre-approved list to evaluate the extent of the damage. (ECF #1-2, *Refile Complaint*, p.7 ¶ 23 [PageID 21]). Plaintiffs allege that Hanover intentionally selects firms that undervalue claims, and, in exchange, the selected firms receive a steady flow of work from Hanover. (*Id.* at p.10–11 ¶ 42 [PageID 24–25]). As a result of this reciprocal collusive relationship, Plaintiffs allege that Hanover and its vendors had a predetermined conclusion that the home was not a total loss and, therefore, failed to investigate it. (ECF #1-2, *Refile Complaint*, p.5 ¶ 21 [PageID 19]).

As evidence of collusion between Hanover and its vendors, Plaintiffs point to discrepancies in the reports of asbestos at their property. According to Plaintiffs' contractor (whom they hired independently of Hanover), the entire home was contaminated with asbestos. (ECF #1-2, *Refile Complaint*, p.5–6 ¶ 21(A) [PageID 19–20]). Nearly a week later, Hanover's contractor allegedly conducted an inadequate investigation and concluded that asbestos was not a hazard at the home. (*Id.* at p.5 ¶ 21(B) [PageID 20]).

Accordingly, in March of 2023, Plaintiffs sued Hanover and its subsidiary, Citizens, in state court for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiffs voluntarily dismissed the suit and subsequently refiled it on April 11, 2024. After receiving the suit, Defendants removed the case to federal court, and Plaintiffs now seek to remand it to state court.

**Law and Analysis**

The primary contention between the parties on this *Motion for Remand* is whether Defendants' removal is timely.[1] United States Code § 1441 permits a defendant to remove a civil action brought in state court to federal court, and 28 U.S.C. § 1446 stipulates the procedures for doing so. Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal within 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

Plaintiffs argue the 30-day time limit on removal began on the filing of the *original* Complaint on March 27, 2023, because they view the current case as an extension of the previously dismissed action. (ECF #8, *Plaintiffs' Motion for Remand*, p.3 [PageID 154]). Defendants argue that the refiling created an entirely new case, which restarted the time to remove on April 11, 2024. (ECF #14, *Defendants' Brief in Opposition*, p.1 [PageID 418]).

The timeliness of Defendants removal hinges on whether the case at bar is "new." In support of their argument in favor of remand and that the current case is an extension of the previous one, Plaintiffs cite numerous cases that apply the doctrine of "revival of removal." Revival of removal provides that, in some circuits, under certain circumstances, a defendant who has waived removal by allowing the 30-day period to lapse may "revive" his right to remove and restart the 30-day period. *See Johnson v. Heublein Inc.*, 227 F.3d 236, 241–42 (5th Cir. 2000); and *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962 (7th Cir. 1982).

Revival of removal is a judicially crafted exception to the 30-day period justified on the policy considerations behind the limitation. *Wilson*, 668 F.2d at 965–66. Notably, the limitation

---

[1] In this case, diversity of citizenship exists, and Plaintiffs do not contest, and therefore concede, that the amount in controversy exceeds $75,000. Accordingly, the only issue bearing on jurisdiction is whether Defendants timely filed their notice of removal pursuant to 28 U.S.C. § 1446.

in § 1446(b) prevents the "defendant from taking a 'wait-and-see' attitude towards removal, to prevent delay and to avoid duplication of judicial resources." *Estate of Wines v. Blue Cross Blue Shield of Mich.*, No. 12-10906, 2012 U.S. Dist. LEXIS 200925 at *17 n.3 (E.D. Mich. June 18, 2012) (quoting *Korzinksi v. Jackson*, 326 F. Supp. 2d 704, 707 (E.D.N.C. 2004)).

Typically, if they adopt the doctrine, courts will give defendants a second opportunity to remove if the plaintiff was deceptive or an amended pleading substantially changed the case.[2] Although the revival of removal exception traditionally applies to amended pleadings within the same action, Courts have utilized its rationale in refiled cases. *See Korzinski*, 326 F. Supp. 2d at 707; *Warren v. State Farm Mut. Auto. Ins. Co.*, No. 06-15054, 2007 U.S. Dist. LEXIS 31408 *17 (E.D. Mich. April 30, 2007); *Estate of Wines*, 2012 U.S. Dist. LEXIS 200925 at *17 n.3.

In the context of refiled cases, courts that apply the doctrine and remand the case will typically do so if there has been substantial development of the suit in state court to avoid duplication of judicial resources. For example, a court remanded the case where the claims "ha[d] developed in state court for almost three years," and "[s]ubstantial discovery ha[d] taken place," therefore, the Court concluded that the refiled complaint "marked a continuation of a significantly developed lawsuit that commenced [three years earlier]." *Korzinski*, 326 F. Supp. 2d at 709; *see also Brazos Presbyterian Homes Inc. v. Thompson Hancock Witte & Assocs.*, 692 F. Supp. 3d 704, 710 (S.D. Tex. 2022); *and Warren*, 2007 U.S. Dist. LEXIS 31408 at *17 ("[T]he

---

[2] Deception may occur where a plaintiff includes in his initial state court complaint an inconsequential but removable federal claim, waits until the period for removal has passed, and then amends his complaint to add "weighty federal grounds" that he previously withheld. *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). Alternatively, an amendment could alter the case and restart the removal period if it "changes the target of [Plaintiff's] attack or the nature of the relief sought." *Id.* at 966. This could occur where an amended complaint changed a diversity case into a federal question case or if there was an "abandonment of the original for a new cause of action." *Id.* (quoting *Henderson v. Midwest Refining Co.*, 43 F.2d 23, 25 (10th Cir. 1930).

'new action' appears to be no more than a formality and a continuation, in all other respects, of the original action.").

The Sixth Circuit has never formally adopted the revival of removal exception and, therefore, has not applied it to refiled cases. *Tenn. Ex rel. Slatery v. TVA*, 311 F. Supp. 3d 896, 905 (M.D. Tenn. 2018). It was, however, used with respect to an amended complaint in the Middle District of Tennessee, who considered its applicability "out of an abundance of caution . . . given that some courts and a learned treatise . . . acknowledge the existence of the doctrine." *Id.* at 906. (citing 14B FED. PRAC. & PROC. JURIS. § 3731). There, the Court noted that the exception applied in a very limited set of circumstances and represented a "high bar" for the defendants to meet. *Id.* The Court held that the defendants failed to make such a showing because "the amended complaint is merely a continuation of the ongoing, years-long action between the parties." *Id.* at 909.

In the instant case, for all intents and purposes, the two complaints are identical. "[W]hen there are two identical actions against the same defendant and facts alleged in the initial action revealed that either diversity or federal question jurisdiction existed and the defendant failed to remove within the required 30 days, his subsequent attempt to remove the second action is rejected as untimely." *Estate of Wines*, 2012 U.S. Dist. LEXIS 200925 at *19.

Accordingly, because the initial Complaint filed on March 27, 2023, gave Defendants notice that the case was removable and they failed to do so, their motion to remove must fail.

## Conclusion

For the reasons stated above, *Plaintiffs' Motion for Remand* (ECF #8) is GRANTED, and the action is REMANDED to the Geauga County Court of Common Pleas.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _July 18, 2025_